**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARL M. BIRKELBACH, | ) | No. 23 B 6133 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE BRAESIDE FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 A 305 |
| | ) | |
| CARL M. BIRKELBACH, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of defendant Carl M. Birkelbach under Rule

12(b)(6), Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)), to dismiss the

adversary complaint of plaintiff The Braeside Foundation.  The complaint alleges that

Birkelbach owes Braeside a debt non-dischargeable under section 523(c) of the Bankruptcy

Code, 11 U.S.C. § 523(c).  Birkelbach argues that the complaint is time-barred under Rule

4007(c), Fed. R. Bankr. P. 4007(c).  For the reasons below, his motion will be granted and the

complaint dismissed.

**1.  Jurisdiction**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(I).

## 2. Procedural Posture

On a Rule 12(b)(6) motion, the court takes as true the complaint's well-pleaded allegations and construes them in the light most favorable to the plaintiff.  *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).  The court considers not only the complaint's allegations and any exhibits, *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013), but also matters subject to judicial notice, including "public court documents and proceedings," *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

Because a Rule 12(b)(6) motion tests the sufficiency of the complaint itself, *Gunn v. Continental Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020), a plaintiff need not anticipate and defeat affirmative defenses, *Gomez v. Toledo,* 446 U.S. 635, 640-41 (1980), and so defenses are not usually considered on a motion to dismiss, *Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir. 2012).[1]  To raise an affirmative defense at the pleading stage, the defendant should generally "answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020).

But there is a "narrow and pragmatic" exception.  *Id.*  A complaint can be dismissed under Rule 12(b)(6) based on an affirmative defense when the defense is evident from the complaint, *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009), or the "factual foundation" for it is subject to judicial notice, *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 631-32 (7th Cir. 2020).  In that case, "[t]he choice between Rule 12(b)(6) and Rule 12(c) has no practical effect," and addressing the defense makes sense. *Id.* at 632.

---

[1]      The filing deadline in Rule 4007(c) is analogous to a statute of limitations and so is an affirmative defense. *See Kontrick v. Ryan*, 540 U.S. 443, 457-58 (2004) (discussing the similar deadline in Rule 4004(a)).

### 3. Background

Braeside's complaint and exhibits, along with the records of the bankruptcy court and district court, disclose these facts.

Birkelbach owned and operated an investment brokerage firm, Birkelbach Investment Securities, Inc., that employed several investment brokers.  Braeside is an Illinois charitable foundation that had an account with the Birkelbach firm.

From 2009 to 2016, one of the Birkelbach brokers with control over Braeside's account made material misrepresentations to Braeside, failed to disclose material information, and otherwise defrauded Braeside.  According to Braeside, Birkelbach was responsible for the damages it suffered as a result.

In 2020, an arbitration panel of the Financial Industry Regulatory Authority found Birkelbach liable to Braeside and awarded it $200,000 in damages.  Birkelbach sued Braeside in the Circuit Court of Cook County, Illinois, to vacate the FINRA award but lost.  He appealed the circuit court's decision to the Illinois Appellate Court but lost there, too.

On May 9, 2023, before the mandate had issued, Birkelbach sought protection under chapter 7 of the Bankruptcy Code.  The first date set for the creditors meeting under 11 U.S.C. § 341(a) was June 8, 2023.  That made August 7, 2023, the deadline for creditors to object to the dischargeability of debts under section 523(c) of the Code.  Fed. R. Bankr. P. 4007(c).  On May 12, 2023, the Bankruptcy Noticing Center issued Official Form 309A, "Notice of Chapter 7 Bankruptcy Case," notifying parties in interest of the June 8 creditors meeting and the August 7 deadline to object to dischargeability.  The Notice said:  "You must file a complaint . . . if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)."  It also said:  "The bankruptcy clerk's office must receive these documents and any required filing fee

by . . . the deadline." A copy of the notice was mailed to Braeside.

On August 7, 2023, the last day to object to dischargeability, Braeside filed an adversary complaint alleging that Birkelbach's debt was nondischargeable under sections 523(a)(2), (4), and (6). But rather than file the complaint with the clerk of the bankruptcy court, Braeside filed it with the clerk of the district court. The district court clerk assigned the complaint a case number as if it were a civil action, No. 23 C 5207, and assigned it to a district judge. More than a month later, Braeside moved the district judge to "transfer" the "case" to the bankruptcy court. Twelve days after that, the district judge granted the motion, treating it as one to "refer" the adversary proceeding to the bankruptcy court.

The clerk of the bankruptcy court received the district court's referral order on October 6, 2023, opened an adversary proceeding in Birkelbach's bankruptcy case, and docketed the order under the standard procedure for matters referred to the bankruptcy court. The district court record, including Braeside's adversary complaint, was received and docketed on November 17, 2023.

Now before the court is Birkelbach's motion to dismiss Braeside's adversary complaint because, among other things, it was filed too late.

### 4. Discussion

The motion to dismiss will be granted. Birkelbach is right: Braeside's complaint is too late. Because Braeside filed its complaint in the district court rather than the bankruptcy court, it was not filed with the bankruptcy court until well after the deadline in Rule 4007(c).

Under Rule 4007(c), a complaint objecting to dischargeability under section 523(c) of the Code (meaning an objection under sections 523(a)(2), (4), or (6)) must be filed "no later than 60

days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c). Rule

4007(c)

> guarantees a debtor a real fresh start. It defines a time certain
> when creditors may no longer come claiming that the debtor
> defrauded them and that certain debts should be non-dischargeable.
> After the 60 days are over, all the demands for non-discharge that
> can be made, have been made. The debtor can relax.

*FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 68 (7th Cir. 1997). The rule's goal is to encourage

creditors to "file their complaints speedily or yield them forever." *Id.* at 69. And because the

deadline in Rule 4007(c) is "firm," failure to meet it is "fatal." *Id.* at 68. A tardy complaint will

be dismissed. *See, e.g., Anwar v. Johnson*, 720 F.3d 1183, 1186-89 (9th Cir. 2013) (affirming

dismissal); *Benson Cap. Mgmt. v. Barnett (In re Barnett)*, 265 F. App'x 265, 266-67 (5th Cir.

2008) (same).

Braeside missed the deadline. Its complaint alleged nondischargeability under sections

523(a)(2)(A), (4), and (6), was thus a complaint under section 523(c), and so was subject to the

Rule 4007(c) deadline. Because the first date set for the meeting of creditors in Birkelbach's

case was June 8, 2023, the deadline for creditors like Braeside to file complaints contesting

dischargeability under section 523(c) was August 7, 2023. The Notice of Chapter 7 Bankruptcy

Case sent to Braeside said as much and also said where Braeside had to file a complaint against

Birkelbach. But Braeside instead filed its complaint in the district court, and the complaint did

not find its way to the bankruptcy court until November 17, 2023, more than three months after

the deadline. By then it was too late. The complaint is barred and must be dismissed.

Resisting this seemingly straightforward conclusion, Braeside insists that filing its

complaint with the district court on August 7 met the deadline. But filing with the district court

is not filing with the bankruptcy court. Rule 5005(a)(1) makes clear that papers (including

"complaints") to be filed under the Bankruptcy Rules must be filed "with the clerk in the district where the case under the Code is pending." Fed. R. Bankr. P. 5005(a)(1). The "clerk" means the "bankruptcy clerk, if one has been appointed," Fed. R. Bank. P. 9001(3), and the "bankruptcy clerk" is the clerk appointed under 28 U.S.C. § 156(b), Fed. R. Bankr. P. 9001(1). Section 156(b) allows the bankruptcy judges of some districts to "appoint an individual to serve as clerk of the bankruptcy court," 28 U.S.C. § 156(b), and this district's bankruptcy judges have do so, appointing Jeffrey P. Allsteadt as clerk. He is the "official custodian of the records and dockets of the bankruptcy court," 28 U.S.C. § 156(e), responsible for (among other things) "keep[ing] a docket in each case under the Code and enter[ing] thereon each judgment, order, and activity in that case," Fed. R. Bank. P. 5003(a). The clerk of the district court is a separate officer, 28 U.S.C. § 751, with separate duties, Fed. R. Civ. P. 79.

Braeside next invokes Rule 5005(c), which allows a misdelivered paper to be deemed filed as of the date of its misdelivery. *See* Fed. R. Bankr. P. 5005(c). Braeside contends that the complaint it filed with the district court falls under the rule.

It does not. For Rule 5005(c) to apply, the filed paper must have been "intended" for the bankruptcy court and "erroneously delivered" elsewhere. *Id.* Without an "erroneous delivery" to the district court, Braeside is out of luck. *In re Evanston Motor Co.*, 735 F.2d 1029, 1032 (7th Cir. 1984) (discussing the predecessor to Rule 5005(c)); *In re Griffin Trading Co.*, 270 B.R. 883, 897 (Bankr. N.D. Ill.), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001); 9 *Collier on Bankruptcy* ¶ 5005.05 at 5005-11 (Richard Levin & Henry J. Sommer eds., 16th ed. 2023). There was none. Braeside did not intend to file its complaint with the bankruptcy court and mistakenly file it with the district court. Braeside *meant* to file its complaint in the district court. That is not the circumstance Rule 5005(c) addresses. *See* 1 Lawrence R. Ahern, III & Nancy Fraas MacLean, *Bankruptcy*

-6-

*Procedure Manual* § 5005:6 at 776 (2023) ("If the intent was to deliver the paper where it was in fact delivered, and that place turned out to be the wrong place, the rule does not apply and the delivery date to the wrong place cannot be used as the filing date.").

Braeside's response to the motion to dismiss confirms as much. Braeside explains that its counsel tried to file the complaint with the bankruptcy court but "was blocked" from doing so "for reasons unknown to him at that time – but now known." (P. Resp. at 6). He then sought help unsuccessfully "that evening" from "several bankruptcy lawyers" and also "researched" whether he could file the complaint with the district court. (*Id.*). Counsel presumably found himself "blocked" because he was a CM/ECF registrant only with the district court, not with the bankruptcy court, and so could not file papers in the bankruptcy court electronically.[2] Unable to file in the bankruptcy court or get help from someone who could, he sought out another clerk's office in the same courthouse and filed the complaint there. There was no misdelivery.[3]

---

[2]   Parties with counsel must file with the bankruptcy clerk electronically. Fed. R. Bankr. P. 5005(a)(2)(A); L.R. 5005-1(A), (B); U.S. Bankr. Ct. N.D. Ill. Admin. Procedures for the Case Management/Electronic Case Filing System §§ I.A, II.A.1.a (eff. Dec. 2, 2015). To file with the bankruptcy court electronically in this district, attorneys and non-attorney trustees must have a login and password. *Id.* § I.B. To obtain the login and password, attorneys and non-attorney trustees must register with the court and receive training. *Id.* §§ I.C.2-3. Clerk's office records show that Braeside's counsel first became a CM/ECF registrant with the bankruptcy court on September 6 and so was not one on August 7.

[3]   Even if the delivery could somehow be termed "erroneous," Rule 5005(c) would not help Braeside. The rule allows the court to deem a paper timely filed only if it would be "[i]n the interest of justice," Fed. R. Civ. P. 5005(c), and justice does not favor Braeside. Braeside was sent notice of Birkelbach's case on May 12. The notice gave the August 7 deadline to file a section 523(c) complaint and also said where the complaint should be filed. Despite having notice, Braeside waited until the evening of August 7 to file its complaint, the last possible moment, for reasons it has never explained. Not only that, but even on August 7, and even without CM/ECF privileges, counsel could have filed the complaint in paper form at the bankruptcy court's public service counter had he done so before 4:30 p.m. and not waited until "that evening." The only penalty would have been an order to appear before the chief judge who would have reminded him that he needed to become a CM/ECF registrant. *See* N.D. Ill.

Finally, Braeside observes that the district court has "original and exclusive jurisdiction over all cases under title 11," 28 U.S.C. 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b). From this premise, Braeside reasons that filing its complaint with the district court was the same as filing it with the bankruptcy court, and so its complaint was timely.

Braeside's premise is right but not its conclusion. That Congress gave the district court bankruptcy jurisdiction does not mean parties can ignore laws governing *how* that jurisdiction is exercised. *See In re Cook Med., Inc.*, 27 F.4th 539, 543 (7th Cir. 2022) (noting that procedural rules prescribe "the method by which . . . jurisdiction . . . is to be exercised" (internal quotation omitted)). One such law is 28 U.S.C. § 157(a), declaring that a district court can automatically refer all bankruptcy cases and proceedings to the bankruptcy judges for the district, as the district court here has done, *see* N.D. Ill. Internal Op. Proc. 15(a). Another is Rule 5005(a)(1), requiring papers in bankruptcy cases to be filed with the bankruptcy court clerk. Braeside cannot enlist the general grant of jurisdiction in section 1334 to evade these laws, collapsing the district and bankruptcy courts into one and allowing anything in a bankruptcy case to be filed in the district court. *Cf. Official Comm. of Unsecured Creditors v. American Tower Corp.*, No. 05 Civ. 6268(RPP), 2006 WL 763054, at *1 (S.D.N.Y. Mar. 23, 2006) (rejecting the idea that section 1409(a), permitting an adversary proceeding to be "commenced in the district court," means a party can file its adversary complaint in the district court "notwithstanding . . . a general order of reference"). That way chaos lies.

---

Bankr. Ct. Gen. Order No. 08-02 (Aug. 26, 2008). Braeside slept on its rights. "[T]hose who sleep on their rights, lose them." *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002).

Because Braeside did not file its adversary complaint with the bankruptcy court until well after the August 7 deadline under Rule 4007(c), the complaint is time-barred and must be dismissed.

### 5. Conclusion

The motion of defendant Carl M. Birkelbach to dismiss the adversary complaint of plaintiff The Braeside Foundation is granted. The complaint is dismissed. An order and Rule 7058 judgment will be entered consistent with this opinion.

Dated: February 5, 2024

_____
A. Benjamin Goldgar
United States Bankruptcy Judge